IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN HESSLER,<br>          Plaintiff | )<br>)<br>)  C.A. No. 22-127 Erie<br>) |
| v. | )<br>)<br>)  District Judge Susan Paradise Baxter |
| GE TRANSPORTATION, INC./<br>WABTEC CORP.,<br>          Defendant. | )<br>)<br>) |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

On September 26, 2018, Plaintiff filed a complaint against GE Transportation, Inc. ("GET"), and its successor in interest, Wabtec Corp., in the United States District Court for the Northern District of Illinois, alleging violations of the Federal Rail Safety Act, 49 U.S.C. § 20109, *et seq.* ("FRSA"). On February 13, 2020, the court granted GET's motion to compel arbitration, and the parties ultimately selected Charles N. Clevert, Jr. to arbitrate the matter. After conducting an in-person hearing in Pittsburgh, Pennsylvania, on August 23 and 24, 2021, Arbitrator Clevert entered an award on December 22, 2021, dismissing Plaintiff's FRSA claim in its entirety for "failure of proof" as to the claim's elements and because GET established that it would have suspended and terminated Plaintiff regardless of any protected activity. The arbitration award was delivered to the parties on January 14, 2022.

Plaintiff initiated this action on April 14, 2022, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1], accompanied by a document entitled "Notice of Motion and Motion to Vacate or, in the Alternative, to Modify, an Arbitration Award" [ECF No. 1-1]. On June 13, 2022, this Court denied the ifp motion [ECF No. 2]. Plaintiff then paid the filing fee

1

on July 5, 2022, and the document attached to his ifp motion was docketed as a complaint [ECF No. 4].

On July 20, 2022, Plaintiff filed an amended document, also entitled "Notice of Motion and Motion to Vacate or, in the Alternative, to Modify, an Arbitration Award," which was docketed as Plaintiff's first amended complaint [ECF No. 6]. Then, after obtaining leave of court, Plaintiff filed a second amended complaint (bearing the same title as the first two documents) on August 15, 2022, which is the operative pleading in this case [ECF No. 11].

On August 18, 2022, the Court issued a summons, which Plaintiff served upon Defendants, by certified mail, on August 22, 2022. On September 16, 2022, Defendants filed a motion to dismiss Plaintiff's request to vacate arbitration award as untimely [ECF No. 23], to which Plaintiff filed a response and brief in opposition [ECF Nos. 25, 26]. This matter is now ripe for consideration.

## II.  DISCUSSION

It is beyond dispute that the present action to vacate the arbitration award entered by Arbitrator Clevert on December 22, 2021 (the "Award"), is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). According to the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Defendants have moved to dismiss this action because Plaintiff failed to serve upon them a notice of motion to vacate the Award within the Federal Arbitration Act's statutory time period. In particular, Defendants note that Plaintiff has acknowledged he received the Award on January 14, 2022 (ECF No. 11, at p. 3); yet Plaintiff did not serve Defendants "in any form until no earlier than August 18, 2022," (ECF No. 24, at p. 2).

2

Plaintiff responds that his "initial filing, with [his] request for IFP, was submitted within the three months after receiving the arbitration award" and, thus, "[i]t was within the required deadline." (ECF No. 26, at p. 1). However, this argument is unavailing, as has been noted by several courts that have considered the same issue.

For instance, in Shellito v. Travelers Companies, Inc., 567 F.Supp.3d 538 (E.D. Pa. 2021), the plaintiff filed a petition to vacate an arbitrator's award within three months of the date on which the award was received; however, the petition was not served upon the defendant until, at the earliest, three days beyond the expiration of the three month period required by the FAA. As a result, the defendant moved to dismiss the case as untimely. As in this case, the plaintiff in Shellito argued that the petition was timely because it was *filed* within three months of the award; however, the court noted that the argument "does not withstand scrutiny." Id. at 540. Specifically, the court emphasized that "[t]he plain language of the statute requires 'service' rather than filing within the three month period" and that "[t]his service period has been strictly construed by numerous federal courts." Id. (collecting cases). Thus, the court concluded that, "[i]f a party fails to serve a motion to vacate within the three-month statutory period, that 'party forfeits the right to judicial review of the award.'" Id. at 541, quoting Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 600 (8th Cir. 1981) (additional citations omitted); see also Oberwager v. McKechnie Ltd., 2007 WL 4322982, at *5 (E.D. Pa. 2007), aff'd 351 Fed. Appx. 708 (3d Cir. 2009) (granting summary judgment on timeliness grounds where the plaintiff failed to make effective service within the applicable time period); Dalla-Longa v. Magnetar Cap. LLC, 33 F.4th 693, 695 (2d Cir. 2022) (affirming dismissal of petition to vacate arbitration award where plaintiff did not timely serve defendant in manner required by the FAA).

Here, Plaintiff did not serve Defendants with notice of his motion to vacate the Award until four months after the statutory service period had already expired. Though the Court sympathizes with Plaintiff's plight as a *pro se* litigant, the clear language of the FAA forecloses his right to judicial review. Defendants' motion to dismiss will be granted, accordingly.

An appropriate Order follows.